IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| VISHAL SHAH, individually and on behalf of all others similarly situated, | : : : | Case No. 1:25-cv-09124 |
| Plaintiff, | : : | |
| v. | : : | |
| LIFE PROTECT 24/7, INC. | : : | |
| Defendant. | : : : : | |

## INITIAL STATUS REPORT

The parties are submitting this Initial Status Report consistent with the Court's August 12, 2025 Order (ECF No. 5).

1. **Type of Initial Status Report (e.g., Joint or Individual).** Joint.

2. **Service of Process.** Service of process has been completed.

3. **Nature of the Case**

    a. **Attorneys of Record for Each Party**

    Plaintiff

    Anthony I. Paronich
    Paronich Law, P.C.
    350 Lincoln Street, Suite 2400
    Hingham, MA 02043

    Defendant

    Lead Trial Counsel:

    Matthew C. Arentsen (CO 45021) (admitted pro hac vice)
    Brownstein Hyatt Farber Schreck, LLP
    675 15th Street, Suite 2900
    Denver, CO 80202

Local Counsel:

Brian W. Ledebuhr (IL 6294417)
Brian B. Druchniak (IL 6332633)
Vedder Price P.C.
222 North LaSalle Street, Suite 2300
Chicago, Illinois 60601

b. **Basis for Federal Jurisdiction**

The Court has subject-matter jurisdiction under 28 U.S.C. § 1331 because Plaintiff's claims arise under federal law.

c. **Describe the nature of the claims asserted in the complaint and any counterclaims or affirmative defenses.**

Plaintiff Vishal Shah ("Plaintiff") brought the action to enforce the consumer-privacy provisions of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227(c), alleging that Life Protect 24/7, Inc. ("Defendant") made telemarketing text messages to phone numbers on the National Do Not Call ("DNC") Registry, including Plaintiff's number. Plaintiff seeks to represent a nationwide Class of persons who allegedly received similar text messages from Defendant.

d. **State the major legal and factual issues anticipated in the case.**

- Whether the alleged text messages at issue were telemarketing messages;
- Whether the alleged text messages were made with the consent/permission of Plaintiff and putative class members;

- Whether the alleged text messages were made pursuant to an established business relationship ("EBR") between Plaintiff/putative class members and Defendant;

- Whether a private right of action for telemarketing text messages to phone numbers on the National DNC Registry exists under the TCPA;

- Whether the National DNC Registry provisions of 47 U.S.C. § 227(c) apply to text messages;

- Whether Plaintiff agreed with Defendant to arbitrate his claims;

- Whether Plaintiff agreed with Defendant to waive any right to pursue claims on a class basis;

- Whether Defendant has established and implemented, with due care, reasonable practices and procedures to effectively prevent telephone solicitations in violation of the TCPA; and

- Whether Plaintiff's claims are appropriate for class certification pursuant to Fed. R. Civ. P. 23(b)(2) and/or (b)(3).

e. **Describe the type and calculation of damages and any other relief sought by Plaintiff(s).**

The Plaintiff seeks certification of the following class pursuant to Rule 23(b)(2) and/or 23(b)(3):

**Telephone Consumer Protection Act Do Not Call Registry Class:** All persons in the United States whose (1) residential telephone numbers were on the National Do Not Call Registry for at least 31 days, (2) but who received more than one telemarketing calls from or on behalf of Defendant (3) within a 12-month period (4) from the four years prior to the filing of the complaint through the date of trial.

The TCPA allows for damages of up to $500 for each violative call, pursuant to 47 U.S.C. § 227(c)(5). This amount may be trebled for any violation that is found to be "knowing"

3

or "willful". *Id.* The TCPA also authorizes injunctive relief prohibiting a defendant and/or its affiliates, agents, and/or other persons or entities acting on a defendant's behalf from violating the TCPA in the future.

Defendant denies violating the TCPA, denies that class certification is appropriate, and denies that Plaintiff or any of the putative class members are entitled to relief from Defendant.

4. **Pending Motions and Case Plan**

   a. **Identify all Pending Motions**. Pro hac vice application for Defendant's counsel Matthew Arentsen.

   b. **Counsel for all parties must submit a proposal for discovery and a case management plan, including the following information:**

      i. The general type of discovery needed, including any potential electronic discovery or bifurcated discovery;

   Plaintiff anticipates seeking testimony, documents and data that will include: (1) electronic data regarding the text messages placed in this case; (2) electronic mail related to the allegations of this case; (3) electronic data tracking any consent to receive calls or text messages that consumers provided; (4) electronic data regarding the dialing systems systems used to make the text messages at issue; (5) contracts and other documents relating to the relationship between Life Protect and their vendors at issue; (6) Defendant's policies and procedures concerning TCPA compliance regarding the marketing and promotion of their services and products; and (7) complaints of illegal telemarketing made to the Defendant, and Defendant's responses.

4

The Plaintiff contends that he has never provided his telephone number to the Defendant, agreed to arbitrate any claims with the Defendant or otherwise interacted with the Defendant prior to receiving these communications. The Plaintiff is amenable to an approximate 90-day discovery period on that issue but does not agree that discovery should be otherwise bifurcated.

Defendant anticipates seeking testimony, documents and data that will include: (1) Plaintiff's cellular phone records; (2) Plaintiff's internet browsing history and home and work IP addresses; (3) identification and history of email addresses used by Plaintiff; (4) identification and history of cellular phone numbers used by Plaintiff; (5) history of and discovery related to TCPA demands and lawsuits filed by Plaintiff; (6) Plaintiff's practices of tracking telemarketing phone calls and text messages to his cellular telephone numbers; (7) Records and data from third-party vendors related to consumers' agreements to receive telemarketing calls and text messages from Defendant, including agreements to Defendant's terms that include an arbitration agreement and class action waiver; and (8) Any other discovery that bears on whether Plaintiff opted in through the internet to receive telemarketing phone calls and text messages from Defendant, including whether Plaintiff agreed to arbitrate his claims and waived any right to proceed on class action basis against Defendant.

As Defendant noted in its September 16, 2025 motion to dismiss Plaintiff's initial complaint (which argued that Plaintiff failed to state a claim under F.R.C.P. 12(b)(6) because text messages are not actionable under 47 U.S.C. § 227(c)(5)), Defendant contends that its internet "opt-ins" to obtain prior express

5

written consent for marketing text messages requires consumers to agree to an arbitration provision and class action waiver. But, presently, Defendant's records suggest that someone other than Plaintiff may have opted in to texts using Plaintiff's phone number. Thus, at this pre-discovery stage of the case, Defendant lacks sufficient information in its custody, possession, or control to move to compel arbitration against Plaintiff. Defendant believes that party and third-party discovery may show that Plaintiff indeed opted in and thus agreed to arbitrate any claims against Defendant on an individual, and not class, basis. Plaintiff disputes that he opted in to receive text messages from Defendant, contending that he never entered his phone number in Defendant's internet opt-in and never agreed to arbitrate his claims.

On October 3, 2025, Plaintiff filed a First Amended Class Action Complaint ("FAC"), mooting Defendant's pending motion to dismiss. Defendant anticipates filing a Rule 12(b)(6) motion to dismiss in response to the FAC and making arguments for dismissal similar to those raised in its initial dismissal motion. But like when Defendant filed its initial motion to dismiss, Defendant will still lack sufficient information in its custody, possession, or control to move to compel arbitration against Plaintiff. By anticipating and disclosing this possibility of arbitration rights against Defendant and the putative class, and through prompt action should relevant facts arise, Defendant maintains and does not waive its right to arbitrate through the filing of its forthcoming motion to dismiss the FAC, nor through subsequent and necessary litigation activity, including discovery. *See, e.g.*, *Williams v. Katten, Muchin & Zavis*, 837 F. Supp.

6

1430, 1442 (N.D. Ill. 1993) (finding no waiver of arbitration right where "Plaintiff was clearly aware of Defendant's desire to proceed to arbitration"); *Leff v. Deutsche Bank AG*, No. 08 CV 733, 2009 WL 1380819, at *3 (N.D. Ill. May 14, 2009) (finding no waiver of arbitration right where Defendants "moved to dismiss prior to receiving the discovery that alerted them to the arbitration agreements").

To conserve the parties and the Court's resources and to streamline discovery in the case, the parties propose bifurcating discovery that is relevant to arbitration (and incidentally Plaintiff's individual TCPA claims) versus discovery that is relevant only to class certification and the putative class members' claims. In particular, the parties propose that they conduct and complete discovery and briefing on a motion to compel arbitration before proceeding with class discovery.

The discovery deadlines that the parties propose below thus are deadlines to complete discovery related to whether Plaintiff's individual claims are subject to arbitration. Should the Court not compel arbitration (either because it denies Defendant's arbitration motion or because Defendant determines after discovery that it does not have sufficient evidence to move to compel arbitration against Plaintiff), then, at that time, the parties would propose deadlines to complete any remaining discovery (including any additional individual discovery, as well as commencing and completing class discovery) and set deadlines for class certification and dispositive motions.

  ii. **A date for Rule 26(a)(1) disclosures;** October 31, 2025

  iii. **A date to issue written discovery;** November 3, 2025

iv. **The need for, and content of, any proposed confidentiality orders, in accordance with the Local Rules for the Northern District of Illinois (parties should start with the model confidentiality order, file a motion seeking entry of the order, and send a redlined version and a clean Word version to proposed_order_blakey@ilnd.uscourts.gov);** The parties anticipate the need for a confidentiality order and will use the Court's model confidentiality order as a starting point. The parties will confer and seek to submit a joint proposed confidentiality order by October 24, 2025.

v. **The need for, and content of, any Health Insurance Portability and Accountability Act (HIPAA) waivers;** None.

vi. **A fact discovery completion date;** The parties propose that the Court set a January 15, 2026 deadline for the parties to complete party and third-party discovery related to the issue of arbitrability of Plaintiff's individual TCPA claims. The parties propose that the Court set deadlines to complete the remaining fact discovery (both individual and class discovery) after a determination is made on the arbitrability of Plaintiff's individual claim or a notice filed with the Court indicating that Defendant does not intend to move to compel arbitration against Plaintiff.

vii. **Whether there will be expert discovery, and, if so, an expert discovery completion date (including proposed deadlines for expert disclosures and depositions);** Yes, the parties anticipate that they may need expert discovery related to the issue of whether Plaintiff agreed to arbitrate his individual claims and suggest affirmative disclosures relating to issues of arbitrability be due on January 22, 2026, with rebuttal disclosures (if any) due on February 12, 2026, and any depositions of these experts to be completed by February 26, 2026. Should the Court not compel arbitration, the parties anticipate that they will need expert discovery related to the merits of Plaintiff's claims and class certification issues and suggest that the Parties propose deadlines for such experts at that time.

viii. **A proposed date for the filing of dispositive motions (if any);** The parties propose that Defendant shall file a motion to compel arbitration (or a notice that it will not be filing such a motion) by March 6, 2026. Should Defendant file a notice that it will not be moving to compel arbitration, the parties shall file an updated status report withing fourteen (14) days of the notice proposing deadlines for completing remaining fact discovery, class certification motions, and dispositive motions.

ix. **A tentative trial date.** Summer of 2027

    c. **With respect to trial, indicate whether a jury trial is requested and the probable length of trial.** A jury trial is not requested. If this matter is certified as a class action, the parties anticipate 5 days for a trial. If this matter is not certified as a class action, the parties anticipate 2 days for a trial.

5. **Consent to Proceed Before a Magistrate Judge**

The parties have discussed, but do not consent to proceed before a magistrate.

6. **Status of Settlement Discussions**

    a. **Describe the status of settlement discussions; and**

    b. **Indicate whether the parties request a settlement conference.** The parties have discussed settlement, but do not request a settlement conference at this time.

    PLAINTIFF,
    By his attorneys,

    /s/ *Anthony I. Paronich*
    Anthony I. Paronich
    Paronich Law, P.C.
    350 Lincoln Street, Suite 2400
    Hingham, MA 02043
    (508) 221-1510
    anthony@paronichlaw.com

## CERTIFICATE OF SERVICE

I hereby certify that on October 10, 2025, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by email to all parties by operation of the court's electronic filing system.

/s/ *Anthony I. Paronich*
Anthony I. Paronich

10